UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| VALERIE MORRIS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  CIVIL NO. 3:06cv426 |
| | ) |
| TIMOTHY DUNCAN, et al., | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

This matter is before the court on a motion for summary judgment filed by one of the defendants, Big Valley Ford ("Big Valley") on May 8, 2007. The plaintiffs[1] filed a response on June 5, 2007, to which Big Valley replied on June 12, 2007.

For the following reasons the motion for summary judgment will be granted.

Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). However, Rule 56(c) is not a requirement that the moving party negate his opponent's claim. Fitzpatrick v. Catholic Bishop of Chicago, 916 F.2d 1254, 1256 (7th Cir. 1990). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial."

---

[1] The plaintiffs are Valerie Morris, Casey Ballas, G.M., a minor child by his next friend and parent, Valerie Morris, and S.W., a minor child by her next friend and parent Casey Ballas.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The standard for granting summary judgment mirrors the directed verdict standard under Rule 50(a), which requires the court to grant a directed verdict where there can be but one reasonable conclusion.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  A scintilla of evidence in support of the non-moving party's position is not sufficient to successfully oppose summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff."  Id.  In Re Matter of Wildman, 859 F.2d 553, 557 (7th Cir. 1988); Klein v. Ryan, 847 F.2d 368, 374 (7th Cir. 1988); Valentine v. Joliet Township High School District No. 204, 802 F.2d 981, 986 (7th Cir. 1986).  No genuine issue for trial exists "where the record as a whole could not lead a rational trier of fact to find for the nonmoving party."  Juarez v. Ameritech Mobile Communications, Inc., 957 F.2d 317, 322 (7th Cir. 1992)(quoting Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

Initially, Rule 56 requires the moving party to inform the court of the basis for the motion, and to identify those portions of the "pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, which demonstrate the absence of a genuine issue of material fact, Celotex, 477 U.S. at 323.  The non-moving party may oppose the motion with any of the evidentiary materials listed in Rule 56(c), but reliance on the pleadings alone is not sufficient to withstand summary judgment.  Goka v. Bobbitt, 862 F.2d 646, 649 (7th Cir. 1988); Guenin v. Sendra Corp., 700 F. Supp. 973, 974 (N.D. Ind. 1988); Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir.), cert. denied, 464 U.S. 960 (1983).

So that the district court may readily determine whether genuine issues of material fact exist, under Local Rule 56.1, the moving party is obligated to file with the court a "Statement of

Material Facts" supported by appropriate citation to the record to which the moving party contends no genuine issues exist.  In addition, the non-movant is obligated to file with the court a "Statement of Genuine Issues" supported by appropriate citation to the record outlining all material facts to which the non-movant contends exist that must be litigated.  See, Waldridge v. American Hoechst Corp. et al., 24 F.3d 918 (7th Cir. 1994).  In ruling on a summary judgment motion the court accepts as true the non-moving party's evidence, draws all legitimate inferences in favor of the non-moving party, and does not weigh the evidence or the credibility of witnesses. Anderson, 477 U.S. at 249-251, 106 S.Ct. at 2511.  Furthermore, in determining the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the "Statement of Genuine Issues" filed in opposition to the motion.  L.R. 56.1

     Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law.  Anderson, 477 U.S. at 248.  Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute.  Id.  The issue of fact must be genuine. Fed. R. Civ. P. 56(c), (e).  To establish a genuine issue of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586; First National Bank of Cicero v. Lewco Securities Corp., 860 F.2d 1407, 1411 (7th Cir. 1988).  The non-moving party must come forward with specific facts showing that there is a genuine issue for trial.  Id.  A summary judgment determination is essentially an inquiry as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a

matter of law." Anderson, 477 U.S. at 251-252.  Finally, the court notes that, "[i]t is a gratuitous cruelty to parties and their witnesses to put them through the emotional ordeal of a trial when the outcome is foreordained" and in such cases summary judgment is appropriate.  Mason v. Continental Illinois Nat'l Bank, 704 F.2d 361, 367 (7th Cir. 1983).

## Discussion

This case arises out of a car accident involving the four plaintiffs and defendant Timothy Duncan ("Duncan").  Duncan was an employee of Big Valley at the time of the accident, and had leased a pick-up truck from Big Valley for his personal use.  While pulling a boat for his own recreational use, Duncan collided with the plaintiffs' vehicle causing injury to the plaintiffs. The plaintiffs filed a complaint, alleging that Big Valley negligently entrusted the rental truck to Duncan.

Big Valley seeks summary judgment, arguing that it did not have actual and immediate knowledge of Duncan's unfitness to drive the rented truck.   Big Valley points out that under Indiana law, the general rule is that when an instrumentality passes from the control of a person, his or her responsibility for injuries inflicted ceases.  Johnson v. Patterson, 570 N.E.2d 93, 96 (Ind. Ct. App. 1991).  An exception exists where the instrument is entrusted to someone incompetent or irresponsible or who lacks the capacity to safely use or operate it.  Id.  "In Indiana, the law requires that the owner of an automobile will be liable for the negligent acts of one to whom he entrusts the vehicle only if the owner knows at the time of the entrustment that the person is incompetent, uninstructed in its use or unfamiliar with the dangers of such use." Id. Moreover, the owner of the vehicle must have actual and immediate knowledge of the driver's unfitness to drive at the time of the entrustment.  Frohardt v. Bassett, 788 N.E.2d 462, 470 (Ind.

4

Ct. App. 2003).

In the present case, the plaintiffs have admitted that Duncan was not intoxicated at the time of the accident, and Duncan has testified that he was not intoxicated at the time he rented the truck.  The plaintiffs allege that Duncan was incompetent to safely drive the rented truck.  However, according to Big Valley, there is no evidence that Big Valley had any actual or immediate knowledge of Duncan's alleged incompetence.  Big Valley points out that Duncan was not mentally incompetent, had a reasonable driving record and a valid driver's license.  Moreover, he was entrusted with an ordinary Ford pickup truck, which doesn't require any special competence to drive.

In response, the plaintiffs acknowledge that they do not dispute the majority of the factual assertions in this case, but claim that they cannot agree with, dispute, or otherwise designate any evidence contrary to Big Valley's assertions that Duncan was familiar with how to operate and drive the pick-up truck or that Duncan was not intoxicated or incapacitated at the time he rented the truck.  Plaintiffs assert that present counsel did not become involved in this matter until December of 2006, and did not receive the plaintiffs' file until January 22, 2007.  Plaintiffs' counsel further asserts that discovery is not yet complete and that there may be genuine issues of material fact revealed upon further discovery.

The plaintiffs also argue that Michigan law applies to this case (or at least part of the case), rather than Indiana law.  Duncan is a Michigan resident, Big Valley is a Michigan corporation, and Duncan executed the rental agreement in Michigan.  However, the accident occurred in North Judson, Indiana, and all of the plaintiffs are residents of Indiana.  In determining which state's laws to apply, federal courts look to the choice of law rules of its

5

forum state.  NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V., 28 F.3d 572 (7th Cir. 1994).  Indiana courts look to "the state where the last event necessary to make an actor liable for the alleged wrong takes place."  Simon v. United States, 805 N.E. 2d 789, 805 (Ind. 2004).  Courts may also consider (1) the place where the conduct causing the injury occurred, (2) the residence or place of business of the parties, and (3) the place where the relationship is centered.  Id.

Interestingly, the plaintiffs acknowledge that "[u]nder Michigan law, negligent entrustment is essentially the same as under Indiana law."  (Response Brief at 6).  Apparently realizing that summary judgment is appropriate as to the negligent entrustment claim, the plaintiffs have attempted to add a statutory "vicarious liability" claim to this case, pursuant to the Michigan owner's liability statute, M.C.L. § 257.401.  However, the plaintiffs have not asserted such a statutory claim in their complaint, nor have they filed a motion to amend their complaint.

Clearly, as there is no real difference between Indiana law and Michigan law with respect to negligent entrustment, and that is the only claim pled against Big Valley, choice of law is essentially irrelevant and the court will apply Indiana law as Indiana is where the accident occurred.

With respect to the plaintiffs' claim that they did not complete sufficient discovery and that they might be able to uncover some facts to support their negligent entrustment claim, the court notes that the discovery deadline in this case was June 29, 2007.  It is unclear why plaintiffs' new counsel could not have completed discovery before that date or at least filed a motion for extension of the discovery cut-off date. Additionally, considering the record already before the court, it seems doubtful that further discovery would uncover any new facts

6

surrounding the competence of Duncan at the time Big Valley leased the truck to him.

Accordingly, as the plaintiffs have no evidence that Duncan was incompetent or incapacitated at the time Big Valley entrusted the truck to him, and no evidence that Big Valley was aware of any alleged incompetence or incapacity, Big Valley's motion for summary judgment will be granted.

## Conclusion

On the basis of the foregoing, Big Valley's motion for summary judgment is hereby GRANTED.

Entered: August 3, 2007.

> s/ William C. Lee
> William C. Lee, Judge
> United States District Court

7